# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SUTHERLAND,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER M. UNDERWOOD, et al.,<br><br>Defendants.<br>/ | CASE NO: 1:10-cv-01767-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION AS BARRED BY RES JUDICATA<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I. Procedural Background**

On September 27, 2010, William Sutherland ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On June 17, 2011, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of willingness to proceed on his cognizable claim for Eighth Amendment deliberate indifference stemming from his bunk bed fall on July 12, 2009. Doc. 9. On June 28, 2011, Plaintiff notified the Court of his willingness to proceed on his cognizable claim for Eighth Amendment deliberate indifference. Doc. 10. On July 6, 2011, the Court adopted findings and recommendations, recommending dismissal of certain claims and does defendants. Doc. 12.

Upon review of the complaint, the undersigned finds that this action is substantively identical to the previously decided case that Plaintiff filed on November 19, 2009, *William Young Sutherland v. J. Clark Kelso, et al.*, 1:09-cv-02028-OWW-SKO, which was dismissed, with prejudice, on September 7, 2011, for failure to state a claim.

## II. Res Judicata

The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Claim preclusion (res judicata) pertains to "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit . . ." *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)); *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit."). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal, *Headwaters, Inc.*, 399 F.3d at 1055. Generally a person who is not a party to an action is not entitled to the benefits of res judicata. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993). "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in re-litigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940).

The doctrine of res judicata is applicable to section 1983 actions. *Clark v. Yosemite Comm'y College Dist.*, 785 F.2d 781, 788 n.9 (9th Cir. 1986) (noting that there is no exception to the rules of issue and claim preclusion for federal civil rights actions brought under 42 U.S.C. § 1983). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.*

//

### III. Analysis

### A. Identity of Claims

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). In applying the transaction test, the Court examines the following criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." *Id.* at 1202.

#### 1. Plaintiff's Complaints in the Instant Case and the Prior Case

On September 27, 2010, Plaintiff filed a complaint in the instant case, alleging a claim against Officer M. Sutherland and Does 1 through 3 Correctional Officers, for Eighth Amendment deliberate indifference stemming from his bunk bed fall on July 12, 2009. Pl. Compl. at 1-3, Doc. 1. On January 13, 2009, Plaintiff arrived at Pleasant Valley State Prison and received a medical chrono for a lower bunk. *Id.* at 3. Plaintiff alleges that on July 12, 2009, while getting down from his upper bunk, his left arm went numb and paralyzed due to degenerative disk problem in his neck and back that pinches his nerves, which caused Plaintiff to fall five and one-half feet, hitting the corner of the lower bunk. *Id.* at 3-4. Plaintiff states that the fall dislocated his right shoulder, cracked a rib, and that he now has irreparable harm to his shoulder. *Id.* at 4-5. As relief, Plaintiff seeks punitive and exemplary damages and an injunctive and declaratory judgment. *Id.* at 6.

Prior to filing the complaint in the instant case, on November 19, 2009, Plaintiff filed *Sutherland v. Kelso*, 1:09-cv-02028-OWW-SKO. In that action, Plaintiff alleged claims against Health Care Receiver J. Clark Kelso, Warden James Yates, Chief Medical Officer F. Igbinosa, Pharmacist in Charge C. Yun, Pleasant Valley State Prison Health Care Department, California State Prison Health Care Services Chief J. Walker, and Does 1 through 10 Health Care Providers, for

Eighth Amendment deliberate indifference resulting in a fall from his bunk bed fall on July 12, 2009. *See Sutherland v. Kelso*, 1:09-cv-02028-OWW-SKO, Pl. Compl. at 1, Doc. 1, Pl. Am. Compl. at 1 & 7, Doc. 10. On January 13, 2009, Plaintiff arrived at Pleasant Valley State Prison and had a medical orientation. Pl. Compl. at 3, Pl. Am. Compl. at 4. On July 12, 2009, while getting down from Plaintiff's upper bunk, he felt extreme pain shoot down his left arm, due to degenerative disk problem in his neck and back, which caused Plaintiff to fall five and one-half feet hitting the corner of the lower bunk. Pl. Compl. at 4-5, Pl. Am. Compl. at 4, 6 & 7. Plaintiff states that the fall dislocated his right shoulder and cracked a rib. Pl. Compl. at 4, Pl. Am. Compl. at 7. Plaintiff states he was refused pain medication for his dislocated shoulder. Pl. Compl. at 7, Pl. Am. Compl. at 8. Plaintiff alleges that Defendants' actions of deliberate indifference caused Plaintiff to fall from his bunk, severely damaging and his right shoulder, causing him extreme pain, possible future surgery, and a lifetime of pain and suffering. Pl. Compl. at 3. As relief, Plaintiff seeks punitive damages and an injunction for his health concerns. Pl. Compl. at 11, Pl. Am. Compl. at 4.

### 2. Legal Standard for Res Judicata as to Alternate Legal Theories

Under the doctrine of res judicata, a final judgment on the merits precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995). "Claim preclusion [ res judicata ] refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra*, 465 U.S. at 77 n.1. Claim preclusion "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980); *Lester v. NBC*, 217 F.2d 399, 400 (9th Cir.1954), *cert. denied*, 348 U.S. 954 (1955) ("a judgment's finality applies to facts which might have been pleaded with reference to the same event as well as to those actually pleaded"); *Scoggin v. Schrunk*, 522 F.2d 436, 437 (9th Cir. 1975), *cert. denied*, 423 U.S. 1066 (1976) (res judicata bars "assertion of every legal theory . . . that might have been raised" in first action); *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980) ("res judicata preclusion extends only to claims that arise out of the same 'cause of action' asserted in the prior action").

1    A § 1983 cause of action may be dismissed as barred by res judicata if a prior court judgment constituted a valid judgment on the merits. *See Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850-51 (9th Cir. 1986). Asserting a new legal theory for recovery in a subsequent action does not give rise to a new cause of action; "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim of relief." *Id.* at 851.

Res judicata bars not only every claim that was raised in the prior court but also bars the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief, and a plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986); *see, e.g.*, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957-58 (9th Cir. 2002) (holding that ERISA claim was barred where plaintiff's prior action had been dismissed because his state law claim was preempted by ERISA and he had failed to amend the prior complaint to state a valid ERISA claim); *Smith v. City of Chicago*, 820 F.2d 916, 920 (7th Cir. 1987) (claim preclusion applies where single core of operative facts forms basis of both lawsuits and plaintiff neglected to raise § 1983 claim until years after it occurred and not until adverse judgment was rendered on cause of action for employment discrimination); *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 834 (5th Cir. 1983) (claim preclusion applies where factual basis for Title VII claim is same as factual basis for § 1983 claim raised earlier; even though legal theory is different, same wrong is sought to be vindicated in each instance and plaintiff could have amended prior action to include Title VII claim).

**3. Plaintiff's Claims Arise from the Same Transactional Nucleus of Facts as his Prior Case**

In the instant case, Plaintiff's claims arise from the same transactional nucleus of facts as his prior case *Sutherland v. Kelso*, 1:09-cv-02028-OWW-SKO. In the instant case and the prior case, Plaintiff alleges that on January 13, 2009, he arrived at Pleasant Valley State Prison and received medical assistance. Pl. Compl. at 3, Doc. 1; *Sutherland v. Kelso*, Pl. Compl. at 3, Doc. 1, Pl. Am. Compl. at 4, Doc. 10. In the instant case and the prior case, Plaintiff alleges that on July 12, 2009, while getting down from his upper bunk, he could not use his left arm due to degenerative disk problem in his neck and back, which caused Plaintiff to fall five and one-half feet, hitting the corner

of the lower bunk. Pl. Compl. at 3-4, Doc. 1; *Sutherland v. Kelso*, Pl. Compl. at 4-5, Pl. Am. Compl. at 4, 6 & 7. In the instant case and the prior case, Plaintiff alleges that the fall dislocated his right shoulder, cracked a rib, and that he now has irreparable harm to his shoulder. Pl. Compl. at 4-5; *Sutherland v. Kelso*, Pl. Compl. at 3-4, Pl. Am. Compl. at 7. In the instant case and the prior case, Plaintiff is alleging Eighth Amendment claims for deliberate indifference. Pl. Compl. at 1-3; *Sutherland v. Kelso*, Pl. Compl. at 1, Pl. Am. Compl. at 1 & 7. In the instant case and the prior case, Plaintiff seeks punitive and damages and injunctive relief. Pl. Compl. at 6; *Sutherland v. Kelso*, Pl. Compl. at 11, Pl. Am. Compl. at 4.

Plaintiff's complaint in the instant case arises from the same transactional nucleus of facts as his prior case, i.e., who was responsible for Plaintiff's injuries after the fall from his bunk bed on July 12, 2009. Pl. Compl. at 3-5; *Sutherland v. Kelso*, Pl. Compl. at 3-5, Pl. Am. Compl. at 4, 6 & 7. Therefore, the claims in the instant case are barred by res judicata.

### B. Final Judgment on the Merits

On July 6, 2011, in *Sutherland v. Kelso*, 1:09-cv-02028-OWW-SKO, the Magistrate Judge issued Findings and Recommendations recommending that the action be dismissed for failure to state a claim upon which relief may be granted. Doc. 12. Plaintiff did not file any objections, and on September 7, 2011, the District Judge adopted the Findings and Recommendations, dismissing the action, with prejudice, for failure to state a claim. Doc. 13.

The undersigned concludes that the instant case, *William Sutherland v. Officer M. Underwood, et al.*, 1:10-cv-01767-LJO-GBC, stems from the claims which were previously litigated in *William Young Sutherland v. J. Clark Kelso, et al.*, 1:09-cv-02028-OWW-SKO. "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)." *Stewart*, 297 F.3d at 957.

### C. Privity Between Parties

The named defendants in the instant case, Officer M. Sutherland and Does 1 through 3 Correctional Officers, are in privity with the named defendants in the prior case, Health Care Receiver J. Clark Kelso, Warden James Yates, Chief Medical Officer F. Igbinosa, Pharmacist in

Charge C. Yun, Pleasant Valley State Prison Health Care Department, California State Prison Health Care Services Chief J. Walker, and Does 1 through 10 Health Care Providers, as the defendants in both cases are employees of Pleasant Valley State Prison. *See Nordhorn*, 9 F.3d at 1405; *see also Sunshine Anthracite Coal Co.*, 310 U.S. at 402-03; *Adams v. California Dept. of Health Services*, 487 F.3d 684, 691 (9th Cir. 2007). Moreover, in both cases, Plaintiff alleges that the named defendant employees of Pleasant Valley State Prison were responsible for the injury to his right shoulder after the fall from his bunk bed on July 12, 2009. Pl. Compl. at 3-5; *Sutherland v. Kelso*, Pl. Compl. at 3-5, Pl. Am. Compl. at 4, 6 & 7.

### IV. Conclusion and Recommendation

The undersigned finds that the claims in the previously decided case of *William Young Sutherland v. J. Clark Kelso, et al.*, 1:09-cv-02028-OWW-SKO and the instant case of *William Sutherland v. Officer M. Underwood, et al.*, 1:10-cv-01767-LJO-GBC, involve the same transactional nucleus of facts against the same defendants in privity, alleging Eighth Amendment deliberate indifference stemming from his bunk bed fall on July 12, 2009. Therefore, the undersigned hereby RECOMMENDS that this action be DISMISSED WITH PREJUDICE as barred by res judicata and duplicative of *Sutherland v. Kelso*, 1:09-cv-02028-OWW-SKO.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 6, 2012

UNITED STATES MAGISTRATE JUDGE